(36 Misc. Rep. 260.)

### PEOPLE ex rel. WILLIAMS v. ZUCCA, City Coroner.

(Supreme Court, Special Term, New York County. November, 1901.)

1. CORONER'S PHYSICIAN—REMOVAL.

     Consol. Act, § 1769, provides that the board of coroners may remove coroners' physicians for cause. *Held*, that one coroner cannot remove an incumbent, even though he appointed him.

2. SAME—TENURE OF OFFICE.

     The tenure of a coroner's physician, under Consol. Act, § 1769, continues subject to removal during the term.

Application by the state, on the relation of Hamilton Williams, for a writ of prohibition to Antonio Zucca. Application granted.

Hal Bell, for relator.

John Whalen, Corp. Counsel (Charles Blandy, of counsel), for respondent.

O'GORMAN, J. The respondent has charged the relator with incompetency, incapacity, neglect of duty, and unfitness to hold the office of coroner's physician, to which position he was appointed

by the respondent on January 1, 1898, and this application is made to prohibit the respondent from proceeding with the trial of such charges. Respondent insists that he not only may proceed to try the charges preferred, but that he has the right to remove the relator at his pleasure, without assigning any cause whatever, and threatens to do so. While the term of the relator was not expressly fixed by statute, yet, in view of section 1769 of the consolidation act, it cannot be said that he holds office at the pleasure of the appointing power. That section reads as follows:

"Coroner's Physicians. Sec. 1769. Each coroner of said city shall, on assuming office, appoint a qualified physician, who shall be a resident of said city, and shall be known as a 'coroner's physician.' Any vacancy in the office of coroner's physicians shall be filled by the board of coroners. The board of coroners, for cause, may remove the physicians appointed by them."

This language obviously limits the right of removal to cases where cause is shown, and, by necessary implication, the tenure of the coroner's physician continues during the term of the appointing power, subject to earlier removal for cause. The respondent invokes section 3 of article 10 of the constitution, which provides:

"Sec. 3. When the duration of any office is not provided by this constitution it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment."

When the respondent, on assuming office, appointed the relator he exhausted his power of appointment, and where the power is not continuous, this constitutional provision has no application. Jarvis v. Waterbury, 84 Hun, 464, 32 N. Y. Supp. 389. But, even if it were applicable, it would not sustain the claim made by the respondent, because, as already stated, the period of employment of a coroner's physician is fixed by law by implication. The power of removal is expressly vested in the board of coroners, and not in an individual member thereof, even though he in the first instance make the appointment. The contention that the authority of the board to remove is confined to cases where the appointment has been made by the board is untenable. If that were the intention of the legislature, the last sentence of the section in question would read, "The board of coroners, for cause, may remove the physicians appointed by it." The use of the pronoun "them" instead of "it" clearly warrants the construction urged by the relator. The acceptance of respondent's construction would impute to the legislature the illogical and absurd purpose of making a coroner's physician, appointed by a coroner, subject to removal at the pleasure of the appointing officer, while a physician, appointed by the entire board, can be removed only for cause. No reason can be discovered why the power of removal at pleasure should be confided to a coroner, but withheld from the board, and it is evident no such discrimination was intended. I conclude, therefore, that the power of removal resides in the board of coroners alone, and can be exercised only for cause. The application to make the temporary writ of prohibition against the respondent absolute is granted.

Application granted.